UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANGELA S.,

          Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

---

21-CV-06678-MJR

DECISION AND ORDER

      Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 11)

      Plaintiff Angela S.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 8) is granted, and defendant's motion (Dkt. No. 9) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for SSI on June 14, 2019, with an alleged onset date of April 10, 2014. (Administrative Transcript ["Tr."] 15, 50, 238). The claim was initially denied on October 1, 2019, and upon reconsideration on December 19, 2019. (Tr. 15, 73-78, 82-93). Plaintiff filed a timely request for an administrative hearing before an administrative law judge ("ALJ"). (Tr. 95-110). On October 5, 2020, and May 11, 2021, a telephone hearing was held by ALJ Elizabeth Koennecke, during which Plaintiff participated, with counsel. (Tr. 37-48, 1340-68). A vocational expert ("VE") also testified at the hearing. The ALJ issued an unfavorable decision on May 21, 2021. (Tr. 12-36). The Appeals Council denied Plaintiff's request for review on September 23, 2021. (Tr. 1-6). This action followed.

## DISCUSSION

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v.*

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

*Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The

Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he

or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.*

§§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform."  *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 14, 2019, the application date.  (Tr. 17). At step two, the ALJ found that Plaintiff has the following severe impairments: all mental impairments, as variously characterized.  (Tr. 18).  At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 18-20).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform

> a full range of work at all exertional levels but with the following nonexertional limitations: she must avoid concentrated exposure to heights and hazards and retains the ability to: understand and follow simple instructions and directions; perform simple tasks independently; maintain attention and concentration for simple tasks; regularly attend to a routine and maintain a schedule; handle simple, repetitive work-related stress in that the person can make occasional decisions directly related to the performance of simple tasks in a position with consistent job duties that does not require the claimant to supervise or manage the work of others; should avoid work requiring more complex interaction or joint effort to achieve work goals; can have no contact with the public; and can perform jobs that

require only brief demonstration of tasks and then able to proceed without need for frequent supervision.

(Tr. 20-28). At step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 28). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 28-29). Therefore, the ALJ found that Plaintiff is not disabled. (Tr. 29).

IV.     *Plaintiff's Challenge*

Plaintiff makes various arguments as to why this case must be remanded. The Court agrees that the case should be remanded, for the reasons discussed below.

State agency medical consultants Dr. B. Patel, M.D., and Dr. S. Putcha, M.D., upon review of Plaintiff's file, opined that the Plaintiff has exertional limitations and can do no more than light work. (Tr. 55-57, 66-68).

On September 20, 2019, consultative examiner Dr. John Fkiaras, M.D., performed a physical examination of the Plaintiff and opined that Plaintiff had (1) moderate limitations walking, climbing stairs, and sitting extended periods; (2) moderate to marked limitations standing extended periods; and (3) marked limitations for any repetitive or heavy lifting, carrying, pushing, pulling, squatting, and bending, driving and operating machinery, and for tasks requiring exposure to unprotected heights. (Tr. 439).

While acknowledging that Drs. Patel, Putcha and Fkiaras are all acceptable medical sources and have an understanding of the Social Security policies and evidentiary requirements, the ALJ found their opinions to be only "partially" persuasive. (Tr. 26). The ALJ explained that she found Dr. Fkiaras's opinion to be only "partially" persuasive because Dr. Fkiaras only examined the Plaintiff once. This is puzzling because in almost every instance, as far as the Court is aware, the consultative examiner

examines the claimant only once. Thus, if we follow the ALJ's logic, an opinion by a consultative examiner could never be fully persuasive.[3]

Although the ALJ states that she finds the three medical opinions "partially" persuasive, she included no physical limitations, at all, in Plaintiff's RFC. None. The Court can only conclude that, in reality, the ALJ rejected these opinions *in toto*.

Not only did the ALJ reject all three of the opinions of these medical doctors who are knowledgeable of the Social Security standards, and who all opined that Plaintiff had at least some reduced RFC, she, the ALJ, found that Plaintiff could perform a full range of work at all exertional levels. The Court cannot recall any prior case where there has been such a dichotomy between the medical opinion evidence and the ALJ's RFC determination. Again, all three doctors opined that Plaintiff has significant physical limitations and can do no more than light work, yet the ALJ finds, apparently based on her own review of the raw medical data, that the Plaintiff can do a full range of work with no physical limitations. *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 237 (W.D.N.Y. 2019) ("[I]t is the ALJ's responsibility . . . to build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review[.]") (internal citations and quotations omitted); *Bruce P. v. Comm'r of Soc. Sec.*, 21-CV-241; 2022 U.S. Dist. LEXIS 233306 (W.D.N.Y. Dec. 29, 2022) ("[O]nce the ALJ rejected these medical opinions, he was still required to rely upon something more than his own lay opinion to determine [p]laintiff's RFC. He did not do so…[a]ccordingly, remand for further administrative proceedings is necessary.").

---

[3] The ALJ rejected the opinions of Drs. Patel and Putcha, finding that "[t]heir opinions are inconsistent with the other evidence of record[.]" It is not clear that when the ALJ refers to "[t]heir opinions" whether she was referring to just Drs. Patel and Putcha, or whether she was referring to Dr. Fkiaras as well. The ALJ can clarify that on remand.

It is also difficult for the Court to understand how, in view of the medical opinion evidence, the ALJ concluded at step two that there were no severe physical impairments. The step-two severity standard "is *de minimis* and is intended only to screen out the very weakest cases." *Wells v. Colvin,* 87 F. Supp.3d 421, 436 (W.D.N.Y. 2015) (*citing McIntyre v. Colvin,* 758 F.3d 146, 151 (2d Cir. 2014)). Here, the medical opinions of Drs. Patel, Putcha and Fkiaras would seem to satisfy the *de minimis* standard.

Because of the issues discussed above, the Court cannot at this time find that the ALJ's decision is supported by substantial evidence and will therefore remand the case to the defendant for further explanation and clarification consistent with this decision.[4]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is granted and defendant's motion for judgment on the pleadings (Dkt. No. 9) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   March 27, 2024
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge

---

[4] The Plaintiff raises numerous other challenges to the ALJ's decision. The defendant should also address those issues on remand.